```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| UNITED STATES OF AMERICA | Crim. No. 05-10003-NMG |
| v. | Violations: |
| ARTHUR GIANELLI, DENNIS ALBERTELLI, FRANK IACABONI, and DEEB HOMSI | 18 USC 371; 844(i); 1951; 1952(a)(3); and 2 |
| Defendants. |  |

## INDICTMENT

THE UNITED STATES GRAND JURY in and for the District of Massachusetts charges that:

### COUNT ONE
(Conspiracy to commit arson, and travel in interstate commerce to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity.)

1. On or about and before November 13, 2003, in the District of Massachusetts and elsewhere, the defendants

```
              ARTHUR GIANELLI,
              DENNIS ALBERTELLI,
             FRANK IACABONI, and
                 DEEB HOMSI
```

and others known and unknown to the grand jury including Michael McCormack and Sean Slater, did conspire, confederate, and agree to: (1) maliciously damage and destroy and attempt to damage and destroy by means of fire and an explosive a building used in interstate commerce and engaged in an activity affecting interstate commerce in violation of Title 18, United States Code, Section 844(i); and (2) travel in interstate commerce to promote,

manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity in violation of Title 18, United States Code, Section 1952(a)(3) in that the defendants agreed to damage and attempt to damage the building located at 178 Main Street in North Reading, Massachusetts which housed two business establishments by igniting a container of gasoline with a rag affixed and caused Sean Slater to travel from New York to Massachusetts to accomplish the goals of the conspiracy.

## MANNER AND MEANS

2.   It was a part of the conspiracy that the defendants GIANELLI and ALBERTELLI operated an illegal gambling business. The defendant GIANELLI invested a substantial amount of money which included proceeds of this illegal gambling business in the development of a sports bar called "The Big Dog" located on Route 1 in Lynnfield, Massachusetts.  The defendant GIANELLI held his ownership interest in The Big Dog through third party nominees in order to conceal said ownership interest.

3.   It was further part of the conspiracy that the defendant GIANELLI sought to gain a controlling interest in Canine Corporation, the corporation that owned and operated The Big Dog, through threats and intimidation.  In furtherance of this objective, the defendants GIANELLI and ALBERTELLI caused the fire to be set at a second Big Dog location in North Reading,

Massachusetts in an effort to intimidate certain recalcitrant shareholders of Canine Corporation and to injure those shareholders financially.

4. It was finally part of the conspiracy that the defendants IACABONI and HOMSI located and hired Slater and McCormack to set the fire to the building located at 178 Main Street in North Reading, Massachusetts which housed the Big Dog and another business establishment.

OVERT ACTS

In furtherance of the conspiracy and to achieve the objects thereof, the defendants

ARTHUR GIANELLI,<br>
DENNIS ALBERTELLI,<br>
FRANK IACABONI, and<br>
DEEB HOMSI

and their co-conspirators committed and caused to be committed, in the District of Massachusetts and elsewhere, the following overt acts, among others:

   a. On November 2, 2003, the defendants GIANELLI and ALBERTELLI engaged in a conversation related to the arson; particularly, GIANELLI told ALBERTELLI, "Gotta make sure nobody is in there, you know."

   b. On November 10, 2003, the defendants ALBERTELLI and IACABONI engaged in a conversation related to the arson; particularly they discussed the appearance of the building.

   c. On November 11, 2003, the defendants GIANELLI and

ALBERTELLI engaged in a conversation related to the arson; particularly they discussed the timing of the arson.

    d.   On November 11, 2003, the defendants ALBERTELLI and IACABONI engaged in a conversation related to the arson; particularly they discussed the timing of the arson.

    e.   On November 11, 2003, the defendants ALBERTELLI and HOMSI engaged in a conversation related to the arson; particularly they discussed the timing of the arson.

    f.   On November 11, 2003, the defendant IACABONI attended a meeting related to the arson.

    g.   On or before November 13, 2003, Sean Slater traveled from New York to Massachusetts.

    h.   On or about November 13, 2003, Sean Slater and Michael McCormack traveled to the vicinity of 178 Main Street in North Reading, Massachusetts.

    i.   On or about November 13, 2003, Sean Slater ignited a container of gasoline at the entry to Romeo's Pizza located at 178 Main Street in North Reading, Massachusetts.

    j.   On or about November 22, 2003, Michael McCormack met with the defendants ALBERTELLI and HOMSI at 75 Green Street in Clinton, Massachusetts.

All in violation of Title 18, United States Code, Section 371.

<u>COUNT TWO</u>
(Arson)

On or about November 13, 2003, in the District of Massachusetts, the defendants,

>   ARTHUR GIANELLI,
>   DENNIS ALBERTELLI,
>   FRANK IACABONI, and
>   DEEB HOMSI

each aiding and abetting the other, did maliciously damage and destroy, and attempt to damage and destroy, by means of fire and an explosive, a building used in interstate commerce and engaged in an activity affecting interstate commerce in that the defendants did damage and attempt to damage the building located at 178 Main Street in North Reading, Massachusetts which housed two business establishments by igniting a container of gasoline with a rag affixed.

In violation of Title 18, United States Code, Section 844(i) and 2.

## COUNT THREE
(Conspiracy to commit extortion)

From in or about and between November 1, 2003 and November 30, 2003, both dates being approximate and inclusive, within the District of Massachusetts, the defendants

ARTHUR GIANELLI,
DENNIS ALBERTELLI,
FRANK IACABONI, and
DEEB HOMSI

and others known and unknown to the grand jury, did conspire, confederate and agree to affect commerce by extortion, that is, to obtain property, to wit, the majority shareholder interest in Canine Corporation with its shareholders' consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss.

In violation of Title 18, United States Code, Section 1951.

COUNT FOUR
(Attempted extortion)

From in or about and between November 1, 2003 and November 30, 2003, both dates being approximate and inclusive, within the District of Massachusetts, the defendants

ARTHUR GIANELLI,
DENNIS ALBERTELLI,
FRANK IACABONI, and
DEEB HOMSI

and others known and unknown to the grand jury, each aiding and abetting the other, did attempt to affect commerce by extortion, that is, to obtain property, to wit, the majority shareholder interest in Canine Corporation with its shareholders' consent, which consent was induced by the wrongful use of actual and threatened force, violence, and fear of economic loss in that the defendants and their co-conspirators did attempt to damage and destroy a business located at 178 Main Street in North Reading, Massachusetts which was owned and operated by Canine Corporation.

In violation of Title 18, United States Code, Sections 1951 and 2.

<u>COUNT FIVE</u>
(Interstate travel in aid of racketeering enterprises.)

On or about and before November 13, 2003, in the District of Massachusetts and elsewhere, the defendants,

> ARTHUR GIANELLI,
> DENNIS ALBERTELLI,
> FRANK IACABONI, and
> DEEB HOMSI

each aiding and abetting the other, did unlawfully, willfully, and knowingly cause Sean Slater to travel in interstate commerce from New York to Massachusetts, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on of unlawful activity, namely, arson in violation of Title 18, United States Code, Section 844(i), and did thereafter perform and attempt to perform acts to promote, manage, establish, carry on, and facilitate the promotion, management, establishment and carrying on of said unlawful activity in that Sean Slater traveled from New York to Massachusetts to maliciously damage and destroy and attempt to damage and destroy, by means of fire and an explosive, a building used in interstate commerce and engaged in an activity affecting interstate commerce located at 178 Main Street in North Reading, Massachusetts which housed two business establishments.

In violation of Title 18, United States Code, Section 1952(a)(3) and 2.

**A TRUE BILL**

_____
Foreperson of the Grand Jury

_____
Fred M. Wyshak, Jr.
Assistant United States Attorney

DISTRICT OF MASSACHUSETTS:          January 5, 2005

Returned into the District Court by the Grand Jurors and filed.

_____  2:05 pm
Deputy Clerk               1/5/05

2

JS 45 (5/97) - (Revised USAO MA 1/15/04)

| Criminal Case Cover Sheet | U.S. District Court - District of Massachusetts |

**Place of Offense:** _____  **Category No.** 1  **Investigating Agency** ATF/KELSCH

**City** North Reading, MA    **Related Case Information:**

**County** Middlesex

Superseding Ind./ Inf. _____    Case No. _____
Same Defendant _____    New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name   Arthur Gianelli    Juvenile  ☐ Yes  ☒ No

Alias Name _____

Address _____

Birth date (Year only): 1957  SSN (last 4 #): 1509  Sex M  Race: C  Nationality: _____

**Defense Counsel if known:** _____    **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

AUSA  Michael L. Tabak    Bar Number if applicable _____

Interpreter:  ☐ Yes  ☒ No    List language and/or dialect: _____

Matter to be SEALED:  ☒ Yes  ☐ No

☒ Warrant Requested    ☐ Regular Process    ☐ In Custody

**Location Status:**

**Arrest Date:** _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____    ☐ Serving Sentence    ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____ on _____

**Charging Document:**  ☐ Complaint  ☐ Information  ☒ Indictment

**Total # of Counts:**  ☐ Petty ____  ☐ Misdemeanor ____  ☒ Felony  5

Continue on Page 2 for Entry of U.S.C. Citations

☐ I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: ~~12/15/04~~ 1/5/05    Signature of AUSA:  Michael Tabak

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant** _Arthur Gianelli_

### U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 371 | Conspiracy | 1 |
| Set 2  18 USC 844(i) and 2 | Arson | 1 |
| Set 3  18 USC 1951 | Conspiracy to commit extortion | 1 |
| Set 4  18 USC 1951 and 2 | Attempted extortion | 1 |
| Set 5  18 USC 1952(a)(3) and 2 | Interstate travel in aid of racketeering | 1 |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:** _____

Gianelli_JS45.wpd - 1/15/04 (USAO-MA)

¬JS 45 (5/97) - (Revised USAO MA 1/15/04)

| Criminal Case Cover Sheet | U.S. District Court - District of Massachusetts |

**Place of Offense:** _____  **Category No.** 1  **Investigating Agency** ATF/KELSCH

**City** North Reading, MA   **Related Case Information:**

**County** Middlesex

Superseding Ind./ Inf. _____   Case No. _____
Same Defendant _____   New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

**Defendant Name** Dennis Albertelli    **Juvenile** ☐ Yes  ☒ No

**Alias Name** _____

**Address** _____

**Birth date (Year only):** 1952  **SSN (last 4 #):** 2336  **Sex** M  **Race:** C  **Nationality:** _____

**Defense Counsel if known:** _____   **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

**AUSA** Michael L. Tabak    **Bar Number if applicable** _____

**Interpreter:** ☐ Yes  ☒ No   **List language and/or dialect:** _____

**Matter to be SEALED:** ☒ Yes  ☐ No

☒ Warrant Requested   ☐ Regular Process   ☐ In Custody

**Location Status:**

**Arrest Date:** _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____  ☐ Serving Sentence  ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____ on _____

**Charging Document:**  ☐ Complaint  ☐ Information  ☒ Indictment

**Total # of Counts:**  ☐ Petty _____  ☐ Misdemeanor _____  ☒ Felony  5

Continue on Page 2 for Entry of U.S.C. Citations

☐ I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

**Date:** ~~12/15/04~~ 1/5/05   **Signature of AUSA:** /s/ Michael Tabak

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**   Arthur Gianelli

U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1   18 USC 371 | Conspiracy | 1 |
| Set 2   18 USC 844(i) and 2 | Arson | 1 |
| Set 3   18 USC 1951 | Conspiracy to commit extortion | 1 |
| Set 4   18 USC 1951 and 2 | Attempted extortion | 1 |
| Set 5   18 USC 1952(a)(3) and 2 | Interstate travel in aid of racketeering | 1 |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

**ADDITIONAL INFORMATION:** _____

Albertelli_JS45.wpd - 1/15/04 (USAO-MA)

JS 45 (5/97) - (Revised USAO MA 1/15/04)

**Criminal Case Cover Sheet**          **U.S. District Court - District of Massachusetts**

**Place of Offense:** _____ **Category No.** _1_ **Investigating Agency** _ATF/KELSCH_

**City** _North Reading, MA_    **Related Case Information:**

**County** _Middlesex_

Superseding Ind./ Inf. _____ Case No. _____
Same Defendant _____ New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name _Frank Iacaboni_    Juvenile   [ ] Yes   [X] No

Alias Name _____

Address _____

Birth date (Year only): _1944_ SSN (last 4 #): _6570_ Sex _M_ Race: _C_ Nationality: _____

**Defense Counsel if known:** _____ **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

AUSA _Michael L. Tabak_    Bar Number if applicable _____

Interpreter: [ ] Yes [X] No    List language and/or dialect: _____

Matter to be SEALED: [X] Yes   [ ] No

[X] Warrant Requested    [ ] Regular Process    [ ] In Custody

**Location Status:**

**Arrest Date:** _____

[ ] Already in Federal Custody as _____ in _____
[ ] Already in State Custody _____ [ ] Serving Sentence [ ] Awaiting Trial
[ ] On Pretrial Release: Ordered by _____ on _____

**Charging Document:** [ ] Complaint   [ ] Information   [X] Indictment

**Total # of Counts:** [ ] Petty _____ [ ] Misdemeanor _____ [X] Felony _5_

Continue on Page 2 for Entry of U.S.C. Citations

[ ] I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: ~~12/15/04~~ 1/5/05    Signature of AUSA: _Michael Tabak_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number (To be filled in by deputy clerk): _____

Name of Defendant   Arthur Gianelli

U.S.C. Citations

| Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 371 | Conspiracy | 1 |
| Set 2  18 USC 844(i) and 2 | Arson | 1 |
| Set 3  18 USC 1951 | Conspiracy to commit extortion | 1 |
| Set 4  18 USC 1951 and 2 | Attempted extortion | 1 |
| Set 5  18 USC 1952(a)(3) and 2 | Interstate travel in aid of racketeering | 1 |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION: _____

Iacaboni_JS45.wpd - 1/15/04 (USAO-MA)

&JS 45 (5/97) - (Revised USAO MA 1/15/04)

| Criminal Case Cover Sheet | U.S. District Court - District of Massachusetts |

**Place of Offense:** _____  **Category No.** 1 _____  **Investigating Agency** ATF/KELSCH

**City** North Reading, MA          **Related Case Information:**

**County** Middlesex

Superseding Ind./ Inf. _____  Case No. _____
Same Defendant _____  New Defendant _____
Magistrate Judge Case Number _____
Search Warrant Case Number _____
R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name   Deeb Homsi                     Juvenile  ☐ Yes  ☒ No

Alias Name   _____

Address   _____

Birth date (Year only): 1960   SSN (last 4 #): 3350   Sex M   Race: C   Nationality: _____

**Defense Counsel if known:** _____   **Address:** _____

**Bar Number:** _____

**U.S. Attorney Information:**

AUSA   Michael L. Tabak                  Bar Number if applicable _____

Interpreter:  ☐ Yes  ☒ No     List language and/or dialect: _____

Matter to be SEALED:  ☒ Yes  ☐ No

☒ Warrant Requested       ☐ Regular Process       ☐ In Custody

**Location Status:**

**Arrest Date:** _____

☐ Already in Federal Custody as _____ in _____
☐ Already in State Custody _____  ☐ Serving Sentence  ☐ Awaiting Trial
☐ On Pretrial Release:  Ordered by _____ on _____

**Charging Document:**   ☐ Complaint   ☐ Information   ☒ Indictment

**Total # of Counts:**   ☐ Petty   ☐ Misdemeanor   ☒ Felony  5

Continue on Page 2 for Entry of U.S.C. Citations

☐ I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: ~~12/15/04~~ 1/5/05     Signature of AUSA: _Michael Tabak_

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

District Court Case Number (To be filled in by deputy clerk): _____

Name of Defendant    Arthur Gianelli

| Index Key/Code | U.S.C. Citations Description of Offense Charged | Count Numbers |
|---|---|---|
| Set 1  18 USC 371 | Conspiracy | 1 |
| Set 2  18 USC 844(i) and 2 | Arson | 1 |
| Set 3  18 USC 1951 | Conspiracy to commit extortion | 1 |
| Set 4  18 USC 1951 and 2 | Attempted extortion | 1 |
| Set 5  18 USC 1952(a)(3) and 2 | Interstate travel in aid of racketeering | 1 |
| Set 6 | | |
| Set 7 | | |
| Set 8 | | |
| Set 9 | | |
| Set 10 | | |
| Set 11 | | |
| Set 12 | | |
| Set 13 | | |
| Set 14 | | |
| Set 15 | | |

ADDITIONAL INFORMATION: _____

Homsi_JS45.wpd - 1/15/04 (USAO-MA)