Page 1 of 3 pages



Bk: 44776 Pg: 138    Doc: MTG
Page: 1 of 3    03/10/2005 09:55 AM

# MORTGAGE

THIS MORTGAGE is made this 2<sup>fth</sup> day of January 2005, between **Dennis P. Albertelli and Gisele Albertelli**, presently residing at 151 Hudson Road, Stow, Massachusetts (herein "Mortgagor(s)"), and the **CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**, Moakley U.S. Courthouse, 1 Courthouse Way, Suite 2300, Boston, MA 02210 (herein "Mortgagee").

WITNESSETH, for consideration paid and to secure a personal bond of January 11, 2005 for **Dennis P. Albertelli** (herein "Defendant"), in Criminal No. 05-10003-NMG, before the United States District Court for the District of Massachusetts (herein "Court"), in the amount of **TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS** executed by the Defendant and the Mortgagor(s) in favor of the United States of America, and to secure due observance and performance of the obligation, terms, and conditions as set forth in an Order Setting Conditions of Release dated January 11, 2005, and filed with the Court and to further secure the performance of all other covenants and agreements of or by the Defendant and Mortgagor(s) herein for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of and pursuant to an Escrow Agreement made this day between the Mortgagor(s), the United States Attorney for the District of Massachusetts and the Mortgagee, the Mortgagor(s) hereby mortgage to the Mortgagee, with power of sale, the following parcel of real property with the following covenants thereon, situated, lying and being in the County of Middlesex, Commonwealth of Massachusetts, and more particularly described in the following deed:

A deed from Dennis P. Albertelli to Dennis P. Albertelli and Gisele Albertelli, dated September 12, 2000, and recorded in the Southern Middlesex County Registry of Deeds at Book 31813, Page 483;

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

THE MORTGAGOR(S) covenant with the Mortgagee as follows:

1.   That the Mortgagor(s) shall pay the indebtedness as hereinbefore provided.

2.   That the Mortgagor(s) will keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor(s) will assign and deliver the policies to the Mortgagee; and that the Mortgagor(s) will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor(s)'s default in so insuring the Property or in so assigning and delivering the policies.

*Return to: Charles Rankin, Rankin & Sultan, 1 Commercial Wharf, Boston MA 02110*

(margin: 151 Hudson Road, Stow, MA 01775)

However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

3. That the Mortgagor(s) shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no building on the Property shall be removed or demolished without the consent of the Mortgagee.

4. That the Mortgagor(s) will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor(s).

5. That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (a) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor(s), or (b) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6. That notice and demand or request may be made in writing and may be served in person or by mail.

7. That the Mortgagor(s) will warrant and defend the title to the Property against all claims and demands.

8. That the Mortgagor(s) will create no further encumbrances of any kind against the Property.

9. That the Mortgagor(s), in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagor(s) to execute and deliver to said purchaser a full transfer of all policies of insurance on the Property at the time of such sale.

10. That the holder of this mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

11. Notwithstanding any other agreement between the Mortgagor(s) and Mortgagee, or any provision of law, the Mortgagee shall not be required to discharge this mortgage except upon order of the Court. It shall be the obligation of the Mortgagor(s) to furnish the mortgagee with a certified copy of said order.

IN WITNESS WHEREOF, this mortgage has been duly executed by the Mortgagor(s).

_____          _____
Dennis P. Albertelli, Mortgagor            Gisele Albertelli, Mortgagor


COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                                January ___, 2005


Then personally appeared the above-named **Dennis P. Albertelli and Gisele Albertelli\***
acknowledged the foregoing to be their free act and deed before me.
*and proved to me through identification, namely MA Driver's license, to be the
persons whose name is signed on the preceding or attached document, and
acknowledged to me that they signed it voluntarily for its stated purpose.

_____
NOTARY PUBLIC

My Commission expires: _____



CYNTHIA M. TAMBOLLEO
Notary Public
Commonwealth of Massachusetts
My Commission Expires Sep 27, 2007

# ESCROW AGREEMENT

ESCROW AGREEMENT entered into this _28th_ day of January 2005, among **DENNIS P. ALBERTELLI and GISELE ALBERTELLI** (herein "Surety"), and **MICHAEL J. SULLIVAN**, in his official capacity as **UNITED STATES ATTORNEY FOR THE DISTRICT OF MASSACHUSETTS** (herein "United States Attorney"), and **TONY ANASTAS**, in his official capacity as **CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS** (herein "Escrow Agent").

WHEREAS the Surety is desirous of effecting the release of **Dennis P. Albertelli** (herein "Defendant") in Criminal No. 05-10003-NMG, on the terms and conditions of bail set forth in an Order Setting Conditions of Release (herein "Bail Order") dated January 11, 2005 and entered by the Honorable Charles B. Swartwood III, Chief United States Magistrate Judge, and has agreed to execute a personal in the amount of **TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS** (herein "Personal Bond") to secure the Defendant's compliance with the terms and conditions of the Bail Order.

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

1. The Surety shall execute a Quitclaim Deed to the parcel of real property located at **151 Hudson Road, Stow, Massachusetts** in favor of the United States of America, and deliver said Deed to the Escrow Agent to be held in escrow pursuant to the terms of this Agreement.

2. The Surety further agrees to execute any additional documents and take any action necessary to effectuate the transfer of said parcel of real property and facilitate the sale of such property in the event that the Defendant is in default of the terms and conditions of the Bail Order or Personal Bond.

3. The Escrow Agent shall hold the Quitclaim Deed in escrow under the following terms and conditions:

    a. In the event that the Defendant fails to appear as required at all proceedings in Criminal No. 05-10003-NMG or otherwise violates the condition of bail that he not commit any criminal offense in violation of federal, state, or local law, and Defendant is declared to be in default by a judicial officer of the United States District Court for the District of Massachusetts, then, upon order of the court, and in lieu of or in addition to foreclosure proceedings on any mortgage granted by the Surety, the Escrow Agent shall tender the Quitclaim Deed to the United States Attorney, and he shall cause the same to be immediately recorded without notice to the Surety. Any requirement that foreclosure proceedings be commenced upon any mortgage granted by the Surety in connection with Criminal No. 05-10003-NMG is expressly waived by the Surety.

    b. This Agreement shall terminate upon the final disposition of Criminal No. 05-10003-NMG and written discharge of the bond provided to the Surety by the United States of America. Upon such termination, and upon order of the Court, the Escrow Agent shall deliver the

Quitclaim Deed to the Surety.

    4.    The validity and construction of this Agreement shall be governed by the law of the Commonwealth of Massachusetts.

    5.    This Escrow Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, assigns and personal representatives.

    IN WITNESS WHEREOF, the parties here have caused this Agreement to be executed as of the date first written above.

ESCROW AGENT:                      SURETY:

TONY ANASTAS., Clerk
United States District Court

                                                Dennis P. Albertelli

By: _____
     Deputy Clerk
                                                Gisele Albertelli

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY


By: _____
     Assistant U.S. Attorney

                    COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                              January 28, 2005

    Then personally appeared the above-named **DENNIS P. ALBERTELLI** and **GISELE ALBERTELLI**\* and acknowledged the foregoing to be their free act and deed before me.

```
* and proved  to me through satisfactory evidence, namely MA Driver's license, to be
  the person whose name is signed on the preceding or attached document, and
  acknowledged to me that they signed it voluntarily for its stated purpose.
```

                                               NOTARY PUBLIC _____
                                               My Commission expires: _____



CYNTHIA M. TAMBOLLEO
Notary Public
Commonwealth of Massachusetts
My Commission Expires Sep 27, 2007

- 2 -

# QUITCLAIM DEED

We, **DENNIS P. ALBERTELLI** and **GISELE ALBERTELLI**, Husband and Wife as Tenants by the Entirety of **151 HUDSON ROAD, STOW, MIDDLESEX COUNTY, MASSACHUSETTS**, in consideration of **ONE ($1.00) DOLLAR** and other valuable consideration, grant to the **UNITED STATES OF AMERICA** with QUITCLAIM COVENANTS

the land and buildings thereon situated in Stow, Middlesex County, Massachusetts and bounded and described as follows:

| | |
|---|---|
| NORTH | 49° 20' West, three hundred (300) feet; thence |
| SOUTH | 37° 26' one hundred sixty-six and 92/100 (166.92) feet; thence |
| SOUTH | 52° 34' East, two hundred ninety-nine and 52/100 (299.52) feet; thence |
| NORTH | 37° 26' East, one hundred fifty (150) feet. |

For Grantor's title, see deed of DENNIS P. ALBERTELLI and GISELE ALBERTELLI, dated September 12, 2000, and recorded at the Middlesex South Registry of Deeds book 31813, page 483.

WITNESS our hands this 28 day of January 2005.

_____        _____
Dennis P. Albertelli                    Gisele Albertelli

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                           January 28th, 2005

Then personally appeared before me the above-named **DENNIS P. ALBERTELLI** and **GISELE ALBERTELLI**\*and acknowledged the foregoing to be their free act and deed.

\*and proved to me through satisfactory evidence, namely MA Driver's license to be the person whose name is signed on the preceding or attached document and acknowledged to me that they signed it voluntarily for its stated purpose.

_____
Notary Public

My Commission expires: _____



CYNTHIA M. TAMBOLLEO
Notary Public
Commonwealth of Massachusetts
My Commission Expires Sep 27, 2007

# FORFEITURE AGREEMENT

AGREEMENT entered into this 28th _____ day of January 2005, among **DENNIS P. ALBERTELLI and GISELLE ALBERTELLI** (herein "Surety"), and **DENNIS P. ALBERTELLI** (herein "Defendant").

WHEREAS the Surety is desirous of effecting the release of **DENNIS P. ALBERTELLI** (herein "Defendant") in Criminal No. 05-10003-NMG, on the terms and conditions of bail set forth in an Order Setting Conditions of Release (herein "Bail Order") dated January 11, 2005, and entered by the Honorable Charles B. Swartwood III, Chief United States Magistrate Judge, and has agreed to execute a personal bondin the amount of **TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS** (herein "Personal Bond") to secure the Defendant's compliance with the terms and conditions of the Bail Order.

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

A.   Defendant's appearance bond in the amount of $250,000, secured by the parcel of real property located at **151 HUDSON ROAD, STOW, MASSACHUSETTS**, as well the parcel of real property located at **151 HUDSON ROAD, STOW, MASSACHUSETTS**, shall be forfeited to the United States, upon the happening of any of the following conditions:

   1.   Defendant's failure to appear as required;

   2.   Defendant's commission of any criminal offense in violation of federal, state, or local law.

B.   This Agreement shall terminate upon the final disposition of Criminal No. 05-10003-NMG and written discharge of the bond provided to the Surety by the United States of America.

C.   The validity and construction of this Agreement shall be governed by the law of the Commonwealth of Massachusetts.

D.   This Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, assigns and personal representatives.

IN WITNESS WHEREOF, the parties here have caused this Agreement to be executed as of the date first written above.

DEFENDANT:                                         SURETY:

_____                     _____
Dennis P. Albertelli                               Dennis P. Albertelli

                                                   _____
                                                   Gisele Albertelli


## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                       January 28th, 2005

Then personally appeared the above-named **Dennis P. Albertelli and Gisele Albertelli** and acknowledged the foregoing to be their free act and deed before me.
*and proved to me through satisfactory evidence of identification, namely
 MA Driver's license to be the person whose name is signed on the preceding or
 attached document, and acknowledged to me that they signed it voluntarily for
 its stated purpose.

                                                   NOTARY PUBLIC
                                                   My Commission expires: _____


CYNTHIA M. TAMBOLLEO
Notary Public
Commonwealth of Massachusetts
My Commission Expires Sep 27, 2007