UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,        )
                                 )
         v.                      )   CRIMINAL NO. 05-10003-NMG
                                 )
DENNIS ALBERTELLI,               )
    A/K/A "FISH," et al.,        )
         Defendants.             )

**JOINT MOTION FOR INTERLOCUTORY SALE
OF 334 BEACON STREET, UNIT 9, BOSTON, MASSACHUSETTS**

The United States of America, by its Attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Defendant Dennis Albertelli ("Albertelli"), by his Attorney, Charles W. Rankin, Esq. (collectively, the "Parties"), hereby jointly move that this Court enter an Order, in the form submitted, permitting the interlocutory sale of the real property, with all rights appertaining thereto, known as Unit 334-9, created by Master Deed dated June 30, 1980 and recorded with the Suffolk County Registry of Deeds, Book 9482, Page 186, and located at 334 Beacon Street, Unit 9, Boston, Massachusetts, title to which appears in a deed recorded at the Suffolk County Registry of Deeds, Book 27941, Page 344 (the "Beacon Street Property").  In addition, the parties jointly move that this Court authorize the Internal Revenue Service to receive and hold the net proceeds of the sale of the Beacon Street Property in the United States Customs Suspense Account (the "U.S. Customs Suspense Account"), an interest bearing account, pending the outcome of the criminal case.  As reasons therefor, the

Parties state as follows:

   1.   On April 7, 2005, a federal grand jury returned a Superseding Indictment charging Albertelli, and others, with, <u>inter alia</u>, Racketeering Conspiracy, in violation of 18 U.S.C. § 1962 (Counts One and Two); Operating an Illegal Gambling Business, in violation of 18 U.S.C. § 1955 (Counts Three through Five); Illegal Use of a Wire Communication Facility, in violation of 18 U.S.C. § 1084 (Counts Six and Seven); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956 (Count Eight); Money Laundering, in violation of 18 U.S.C. § 1956 (Counts 10 through 86, 88 through 185, 187 through 234, 236 through 238, 239 through 272, 278, 283 through 305, and 329 through 332); Conspiracy to Commit Arson and to Travel in Interstate Commerce to Promote, Manage, Establish, Carry on, and Facilitate the Promotion, Management, Establishment, and Carrying on of Unlawful Activity, in violation of 18 U.S.C. § 371 (Count 273); Arson, in violation of 18 U.S.C. § 844 (Count 274); Conspiracy to Commit Extortion and Attempted Extortion, in violation of 18 U.S.C. § 1951 (Count 275 and 276); and Interstate Travel in Aid of Racketeering Enterprise, in violation of 18 U.S.C. § 1952 (Count 277).

   2.   The Forfeiture Allegations of the Superseding Indictment seek the forfeiture of the Beacon Street Property, and other properties of the defendants, pursuant to 18 U.S.C. § 1963, 18 U.S.C. § 981, 28 U.S.C. § 2461, 18 U.S.C. § 1955, and 18

U.S.C. § 982.

3.   On or about April 27, 2005, and based on the Superseding Indictment, this Court issued a <u>Lis</u> <u>Pendens</u>, giving notice to all parties involved that the Beacon Street Property was subject to forfeiture to the United States.  The <u>Lis</u> <u>Pendens</u> was recorded at the Suffolk County Registry of Deeds, inhibiting, among other things, any transfer or further encumbrance of the Beacon Street Property during the pendency of this criminal case.

4.   The Parties agree that the Beacon Street Property should now be sold, and the net proceeds of sale, after the expenses outlined in Paragraph 7 below, shall be held in the U.S. Customs Suspense Account, pending the conclusion of this criminal case.

5.   A number of statutory provisions permit the Court to authorize the interlocutory sale of property alleged to be subject to civil or criminal forfeiture, with the proceeds to be retained by the United States Department of the Treasury, in the U.S. Customs Suspense Account, pending the conclusion of the criminal forfeiture proceedings.  In a criminal case, the Court is authorized to take any action "to preserve the availability of property" that has been named in an indictment as subject to forfeiture in the event of a conviction. 21 U.S.C. § 853(e)(1)(A), incorporated by 18 U.S.C. §§ 982(b)(1) and 1955(d), and by 28 U.S.C. § 2264(c); 18 U.S.C. § 1963(d); <u>see</u>

also 18 U.S.C. § 983(j)(1)(A) (in a civil forfeiture action, the Court may take any "action to ... secure, maintain, or preserve the availability of property subject to civil forfeiture.").

6.  The proposed interlocutory sale of the Beacon Street Property will not affect the criminal proceedings relating to the Superseding Indictment, nor will it cause prejudice to any party.

7.  The Parties jointly state that an order allowing the proposed interlocutory sale of the Beacon Street Property and authorizing and directing the Internal Revenue Service to receive and hold the net proceeds in an interest-bearing account will aid in preserving the availability of the Beacon Street Property for forfeiture in the event of conviction in this criminal case. The Parties agree that the interlocutory sale of the Beacon Street Property will take place on the following terms:

   a.  The Internal Revenue Service routinely utilizes the services of a property management company, EG&G Technical Sevices, Inc. ("EG&G"), to manage seized assets, and to sell assets. EG&G shall sell the Beacon Street Property, as an authorized agent of the Internal Revenue Service. EG&G shall arrange for, and shall have sole control of, the sale of the Beacon Street Property, in accordance with the regulations prescribed by the Secretary of the Treasury and the policies regarding the disposition of forfeited property. EG&G may, among other things, retain a real estate broker and other professionals in its reasonable best efforts to market and sell the Beacon Street Property at the highest possible price. EG&G shall have sole discretion in negotiating, accepting, and rejecting offers for the Beacon Street Property.

   b.  At the closing, a check for the full sale price will be made out to the United States Department of the Treasury and delivered to the Internal Revenue Service.

        The Internal Revenue Service shall distribute the sale proceeds in the following manner and order:

        (i) all costs and expenses reasonably incurred by the United States and EG&G in marketing and selling the Beacon Street Property;

        (ii) the cost of any comprehensive insurance on the Beacon Street Property;

        (iii) any outstanding real estate taxes due to Suffolk County, Massachusetts, with respect to the Beacon Street Property;

        (iv) any valid and superior liens, attachments, or encumbrances of record, with respect to the Beacon Street Property; and

        (v) the Internal Revenue Service shall deposit the remaining net balance of the sale proceeds in the U.S. Customs Suspense Account, pending the outcome of the criminal case.

    c. By the time of the closing, the United States shall file a motion with this Court for a release of the <u>Lis Pendens</u> against the Beacon Street Property; and

    d. At the conclusion of all forfeiture proceedings relating to the Beacon Street Property, the net proceeds held in the U.S. Customs Suspense Account will be disposed of according to law.

WHEREFORE, the Parties jointly move that this Court enter an Order pursuant to 18 U.S.C. § 1963(d), and pursuant to 21 U.S.C. § 853(e)(1)(A), incorporated by 18 U.S.C. §§ 982(b)(1) and 1955(d), and by 28 U.S.C. § 2264(c), authorizing the interlocutory sale of the Beacon Street Property and directing the Internal Revenue Service to receive and hold the net proceeds in the U.S. Customs Suspense Account. A proposed Order is submitted herewith for the consideration by the Court.

                        Respectfully submitted,

DENNIS ALBERTELLI,                      MICHAEL J. SULLIVAN,
DEFENDANT                               UNITED STATES ATTORNEY


By:  /s/Charles W. Rankin, Esq.    By:  /s/Kristing E. Barclay
     Charles W. Rankin, Esquire         Kristina E. Barclay
     Rankin & Sultan                    Assistant U.S. Attorney
     151 Merrimac Street                1 Courthouse Way,
     Second Floor                       Suite 9200
     Boston, MA  02114                  Boston, MA  02210
     617-720-0011                       617-748-3100

Dated:  May 15, 2006          Dated:    May 15, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,        )<br>                                  )<br>            v.                    )<br>                                  )<br> DENNIS ALBERTELLI,               )<br>     A/K/A "FISH," et al.,       )<br>            Defendants.           ) | CRIMINAL NO. 05-10003-NMG |

## ORDER FOR INTERLOCUTORY SALE

It is hereby ORDERED, ADJUDGED, and DECREED that:

The Joint Motion For Interlocutory Sale of 334 Beacon Street, Unit 9, Boston, Massachusetts (the "Joint Motion"), is allowed.

The Internal Revenue Service and its custodial agent, EG&G Technical Services, Inc. ("EG&G"), shall market and sell the real property, with all rights appertaining thereto, known as Unit 334-9, created by Master Deed dated June 30, 1980 and recorded with the Suffolk County Registry of Deeds, Book 9482, Page 186, and located at 334 Beacon Street, Unit 9, Boston, Massachusetts, title to which appears in a deed recorded at the Suffolk County Registry of Deeds, Book 22460, Page 248 (the "Beacon Street Property"), as provided by law.

The interlocutory sale of the Beacon Street Property will take place on the following terms:

    a.    EG&G shall sell the Beacon Street Property, as an authorized agent of the Internal Revenue Service.  EG&G shall arrange for, and shall have sole control of, the sale of the Beacon Street Property, in accordance with the regulations prescribed by the Secretary of the

    Treasury and the policies regarding the disposition of forfeited property. EG&G may, among other things, retain a real estate broker and other professionals in its reasonable best efforts to market and sell the Beacon Street Property at the highest possible price. EG&G shall have sole discretion in negotiating, accepting, and rejecting offers for the Beacon Street Property.

 b. At the closing, a check for the full sale price will be made out to the United States Department of the Treasury and delivered to the Internal Revenue Service. The Internal Revenue Service shall distribute the sale proceeds in the following manner and order:

  (i) all costs and expenses reasonably incurred by the United States and EG&G in marketing and selling the Beacon Street Property;

  (ii) the cost of any comprehensive insurance on the Beacon Street Property;

  (iii) any outstanding real estate taxes due to Suffolk County, Massachusetts, with respect to the Beacon Street Property; and

  (iv) any valid and superior liens, attachments, or encumbrances of record, with respect to the Beacon Street Property.

The Internal Revenue Service shall deposit the remaining net balance of the sale proceeds in the U.S. Customs Suspense Account, pending the outcome of the criminal case.

SO ORDERED AND ENDORSED:

_____
NATHANIEL M. GORTON
United States District Judge
Date: