UNITED STATES DISTRICT COURT
District of Massachusetts

| | | |
|---|---|---|
| _____ | ) | |
| UNITED STATES, | ) | |
| | ) | |
| | ) | |
| v. | ) | Crim. No. 05-10003-NMG |
| | ) | |
| ARTHUR GIANELLI, et al. | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIRD PARTY MOTION OF YOUSEF BINA TO DISSOLVE LIS PENDENS
AND FOR RELIEF FROM RESTRAING ORDER AFFECTING REAL PROPERTY
KNOWN AS 405B DEDHAM STREET, NEWTON, MASSACHUSETTS**

Yousef Bina ("Mr. Bina"), a third party, hereby moves to dissolve the United States'

memorandum of lis pendens and obtain a declaration that he is not bound by this Court's

restraining order, both of which affect the registered land known as 405B Dedham Street,

Newton, Massachusetts (the "Property"). Mr. Bina requests oral argument on this motion.

**Introduction**

Mr. Bina is the sole owner of record of the Property, which is currently encumbered by a

lis pendens dated April 20, 2005 and filed with the Middlesex County South Registry District of

the Land Court as document number 1372897 affecting Mr. Bina's certificate of title number

15356 ("Lis Pendens"), a true copy of which is attached hereto as EXHIBIT 1. In addition, Mr.

Bina's interest in the Property is encumbered by the restraining order entered by this Court on

February 28, 2006 ("Restraining Order") enjoining, inter alia, anyone with "any possession,

interest or control over [the Property]" from alienating the Property. As ground for this motion,

Mr. Bina says that contrary to the allegations of the Superseding Indictment, it is clear as a

matter of record title that none of the Defendants have ever held any interest in the Property.

**Argument**

There is precedent for the proposition that a "motion to remove or modify a lis pendens notice may be brought by a party (who is not subject to a forfeiture charge) prior to conviction of the forfeiture defendant." U.S. v. Hyde, 287 F. Supp.2d 1095, 1098 (N.D. Cal. 2003), citing United States v. Scardino, 956 F.Supp. 774 (N.D.Ill. 1997). Indeed, "[p]recluding third parties an opportunity to challenge a post-indictment order restraining the transfer of property violates due process." Id., citing United States v. Crozier, 777 F.2d 1376, 1382084 (9th Cir. 1985). Further, "a District Court may not enjoin non-parties who are neither acting in concert with the enjoined party nor are in the capacity of agents, employees, officers, etc. of the enjoined party." U.S. v. Kirschenbaum, 156 F.3d 784, 794 (7th Cir. 1998)(ruling that non-party spouse of Defendant under indictment was not bound by restraining order regarding property subject to forfeiture because District Court's attempt to enjoin "third-parties over whom the court had no personal jurisdiction is void and so binding on no one"). Mr. Bina now comes forward in the exercise of his due process rights and says that there is no basis for the restraints on alienation of the Property currently imposed by the United States during the pendency of this case.

It is unclear under what statutory authority the Lis Pendens was executed, judicially endorsed, and filed on record by the United States. While 18 U.S.C. § 1963(d)(1) authorizes the Court to "take any other action to preserve the availability of property", no statute is cited on the Lis Pendens, and nothing appears on the docket sheet otherwise clarifying under what authority the Lis Pendens was endorsed. In any event, there is no basis for the Lis Pendens. By way of analogy to Massachusetts law, a memorandum of lis pendens shall be endorsed by a court where the four corners of the complaint set forth "a claim of a right to title to real property or the use or occupancy thereof." Mass. G. L. c. 184, § 15. There is nothing within the four corners of the

2

Superseding Indictment establishing the United States' interest in the Property except to the extent that any of the Defendants (and not third parties) might hold an interest in the Property.

The Superceding Indictment seeks forfeiture of the Property pursuant to Counts 1 and 2 (Racketeering Forfeiture Allegations), Counts 3 through 7 (Gambling Forfeiture Allegations), and Counts 8 through 272, 278, and 283 through 295 (Money Laundering Forfeiture Allegations). Under each of these Counts, the forfeiture prayers set forth the following identical language:

> "The property to be forfeited <u>by the defendants</u> pursuant to . . . includes, but is not limited to, the following assets:
> …
> the real property, with all rights appertaining thereto, known as Unit No. 405B, as described in the Master Condominium Certificate of Title and in the Master Deed Document No. 614053 as amended and indicated on Condominium Plan No. 17257 C-4, and located at The Gables, Unit 405-B, Dedham Street, Newton, Massachusetts, title to which appears in a deed recorded with the Middlesex Land Court, Document No. 02058, Book 011, Page 58."

<u>See</u> Superseding Indictment Pgs. 105-06; 111-12; 116-17 (emphasis added).

Further, in the Restraining Order dated February 28, 2006, this Court stated in its order that "[t]he Superseding Indictment has established probable cause that <u>all of the Defendants' interests in the assets</u> sought to be restrained would be subject to forfeiture to the United States upon Defendants' convictions." <u>See</u> Restraining Order Pgs. 4-5 (emphasis added).

As a matter of record title, there can be no question that none of the Defendants have ever held any interest in the Property. <u>See</u> Affidavit of John McDermott filed herewith. The Property is registered land pursuant to Mass. G. L. c. 185, et seq. Under the Massachusetts statutory scheme for registered land, the owner of record holds title to the property "free from all encumbrances except those noted on the certificate." Mass. G. L. c. 185, § 46   Thus, as a matter of Massachusetts law, it is not possible for any of the Defendants to hold any interest whatsoever

in the Property unless it is specifically noted on the memorandum of encumbrances. As set forth in the Affidavit of John McDermott filed herewith, none of the Defendants hold a mortgage or any other lien affecting the property, nor do any of the Defendants appear in the chain of title.

The Lis Pendens appears to have been drafted by an Assistant United States Attorney. In addition to stating that the Defendants hold an interest in the Property, the Lis Pendens also alleges that the Property is derived from or traceable to forfeitable proceeds. However, on its face, the Superseding Indictment does not support this allegation. The only forfeitable proceeds that the Superseding Indictment specifically alleges Mr. Bina received from any of the named Defendants are the postal money orders totaling $3,000.00 and dated February 11, 2003, February 19, 2003, and March 18, 2003. See Counts 28, 29, 34, 37, 38, and 43. These money orders are later than the date on which Mr. Bina took title to the Property on January 8, 2003 (see Aff. McDermott). Thus, on its face, the Superseding Indictment does not identify any funds that are supposedly traceable to the Property, contrary to the claim made by the United States Attorneys Office in its Lis Pendens.

This is clearly not a case in which the United States claims that the Property was transferred to Mr. Bina acting as a straw for one of the Defendants. Compare Scardino, 956 F.Supp. 774. In the Scardino case, United States District Court for the Northern District of Illinois considered a third party motion to dissolve a lis pendens as to ten properties nominally owned by the spouse of a forfeiture Defendant under indictment for money laundering. The Court ruled that nine out of the ten properties identified by the United States as "substitute property" of the forfeiture Defendant were properly subject to the lis pendens based on the preliminary showing made by the United States that the Defendant conveyed the properties to his spouse in order "to keep those properties out of the Government's reach." Id. at 780. However,

4

the Court ruled that the lis pendens must be dissolved as to a tenth property that had been

conveyed into a trust for the benefit of the Defendant's spouse months prior to disclosure of the

United States' criminal investigation of the Defendant.  Id. at 780.  In the present case, a much

stronger basis for dissolving the Lis Pendens exists because, as a matter of irrefutable record

title, none of the Defendants have ever held a title interest in the Property that they could attempt

to fraudulently convey to Mr. Bina.  See Aff. McDermott.

**Conclusion**

For the reasons set forth above, this Court should order that the Lis Pendens be dissolved

and declare that Mr. Bina is not subject to the Restraining Order.

Mr. Bina requests oral argument on this motion.

Respectfully submitted,

Yousef Bina

By his attorneys,

/s/ Edward A. Gottlieb

_____
Edward A. Gottlieb, BBO No. 204900
Giles L. Krill, BBO No. 647528
Law Offices of Edward A. Gottlieb
309 Washington Street
Brighton, MA  02135
(617) 789-5678


/s/ Roger Witkin

_____
Roger Witkin, BBO No. 531780
6 Beacon Street; Suite 1010
Boston, MA 02108
(617) 523-0027

Dated:  April 18, 2007

F:\clients\LEGAL\10730000\041707-3rdPartyMot.doc

5

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of this foregoing document was filed electronically. Notices of this filing will be sent to the parties by e-mail to all participants in the Court's CM/ECF system on <u>April 18, 2007</u> and by first class mail to all others, if any, on <u>April 18, 2007</u>.


Dated: April  18, 2007                                    /s/ Edward A. Gottlieb
                                                          _____
                                                          Edward A. Gottlieb

6

K3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,                )    Criminal No. 05-10003-NMG
                                         )
                    v.                   )    Record Owner:
                                         )    Yousef Bina
ARTHUR GIANELLI,                         )
JOSEPH YERARDI, JR.,                     )    Property:
DENNIS ALBERTELLI A/K/A "FISH,"          )    Unit 405-B Dedham Street
SALVATORE RAMASCI A/K/A "LEFTY,"         )    Newton, Massachusetts
RANDY ALBERTELLI,                        )
GISELE ALBERTELLI,                       )    Middlesex South
RAFIA FEGHI A/K/A RAFIA YERARDI          )    Registry of Deeds
TONY DANIELS A/K/A "SONNY,"              )    Book U77, Page 156
FRANK IACABONI,                          )
DEEB HOMSI,                              )    Middlesex Land Court
TODD WESTERMAN,                          )    Document No. U2058,
ENEYDA GONZALEZ RODRIGUEZ, AND           )    Book U11, Page 58
WESHTOD CONSULTANTS A/K/A                )
        WESHTOD CONSULTORES S.A.         )
                                         )
                    Defendants.          )


2005 01372897
Bk: 77 Pg: 156    Cert#: U15356
Doc: LISP    05/05/2005 12:14 PM

## LIS PENDENS

TO ALL WHOM IT MAY CONCERN:

PLEASE TAKE NOTICE that a grand jury sitting in the District

of Massachusetts returned a Superseding Indictment charging Rafia

Feghi a/k/a Rafia Yerardi, and others, with violations of Title

18, United States Code, Sections 1962, 844(i), 1084, 1951, 1952,

1955, and 1956, inter alia.  In addition, the Forfeiture

Allegations of the Superseding Indictment alleges that the real

property, with all rights appertaining thereto, located at The

Gables, Unit 405-B, Dedham Street, Newton, Massachusetts,

constitutes: (i) an interest the defendants have acquired and

maintained in violation of Title 18, United States Code, Section

1962, (ii) property derived from proceeds which the defendants

RETURN TO:  Kristina E. Barclay, Assistant U.S. Attorney, United States Attorney's Office
1 Courthouse Way, Suite 9200, Boston, MA  02210

U15356

obtained, directly and indirectly, from racketeering activity and unlawful debt collection in violation of Title 18, United States Code, Section 1962, (iii) property derived from proceeds traceable to violations of Title 18, United States Code, Section 1955, and (iv) property involved in violations of Title 18, United States Code, Section 1956, and property traceable to such property, and is therefore forfeitable to the United States pursuant to 18 U.S.C. §§ 981, 982, 1955(d), and 1963.

For title to the property, see Unit Deed recorded at Middlesex South Registry of Deeds, Book 77, Page 156, and Middlesex Land Court Document No. U2058, Book U11, Page 58, reflecting the conveyance of the property on or about January 8, 2003 from Robert Shapiro, Abby Rosenberg and Lewis Rosenberg, trustees of the Isadore Rosenberg Trust, to Yousef Bina.

Respectfully submitted,

MICHAEL J. SULLIVAN
United State Attorney

By:  _____
KRISTINA E. BARCLAY
Assistant U.S. Attorney
Suite 9200
1 Courthouse Way
Boston, MA 02210
(617) 748-3100

Date: April 20, 2005

2

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

<u>OATH</u>

The undersigned Kristina E. Barclay, Assistant United States Attorney, on her oath declares that the proceeding referred to above affects the title to the land and building as described above.

_____
Kristina E. Barclay
Assistant U.S. Attorney

Date: April 20, 2005

Then personally appeared the above-named Kristina E. Barclay, Assistant United States Attorney, and acknowledge the foregoing to be true to the best of her knowledge, information and belief, and to be her free act and deed on behalf of the United States of America.

Subscribed to and sworn before this 20th day of April, 2005.

Lisa J. Talbot
_____
NOTARY PUBLIC
My Commission expires: 5/29/09

LISA J. TALBOT
Notary Public
Commonwealth of Massachusetts
My Commission Expires
May 29, 2009

The above-captioned action constitutes a claim of right to title to real property or the use and occupation thereof or the building thereon. Further, there is a clear danger that Rafia Feghi a/k/a Rafia Yerardi and/or Yousef Bina, if notified in advance of the endorsement of this memorandum, will convey, encumber, damage or destroy the property or the improvements thereon.

SO ORDERED AND ENDORSED:

_____
NATHANIEL M. GORTON
United States District Judge

Date: 4/27/05

I hereby certify on ___ that the foregoing document is a true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on ___
☐ original filed in my office on ___
Sarah A. Thornton
Clerk, U.S. District Court
District of Massachusetts
By: ___
Deputy Clerk

3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CRIMINAL NO. 05-10003-NMG |
| | ) | |
| v. | ) | Record Owner: |
| ARTHUR GIANELLI, | ) | Yousef Bina |
| JOSEPH YERARDI, JR., | ) | |
| DENNIS ALBERTELLI A/K/A "FISH," | ) | Property: |
| SALVATORE RAMASCI A/K/A "LEFTY," | ) | Unit 405-B Dedham Street |
| RANDY ALBERTELLI, | ) | Newton, Massachusetts |
| GISELE ALBERTELLI, | ) | |
| RAFIA FEGHI A/K/A RAFIA YERARDI | ) | Middlesex South |
| TONY DANIELS A/K/A "SONNY," | ) | Registry of Deeds |
| FRANK IACABONI, | ) | Book 77, Page 156 |
| DEEB HOMSI, | ) | |
| TODD WESTERMAN, | ) | Middlesex Land Court |
| ENEYDA GONZALEZ RODRIGUEZ, AND | ) | Document No. U2058, |
| WESHTOD CONSULTANTS A/K/A | ) | Book U11, Page 58 |
| WESHTOD CONSULTORES S.A. | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF SERVICE

I, Sandra J. Lemanski, Special Agent, Internal Revenue Service, Criminal Investigation Division, being duly sworn, depose and say:

1.    The attached Lis Pendens was issued in the above-captioned case and relates to real property which is subject to forfeiture pursuant to Title 18, United States Code, Sections 981, 982, 1955(d), and 1963.

2.    I have caused to be served the aforementioned Lis Pendens by certified mail addressed to:

Yousef Bina                         Rafia Feghi
Unit 405-B Dedham Street            Unit 405-B Dedham Street
Newton, MA 02459                    Newton, MA 02459

Jeffrey A. Denner, Esquire
as Counsel for Rafia Feghi
Denner O'Malley LLP
Four Longfellow Place
Suite 3501
Boston, MA 02114

R. Bradford Bailey, Esquire
as Counsel for Rafia Feghi
Denner O'Malley LLP
Four Longfellow Place
Suite 3501
Boston, MA 02114

3.    The <u>Lis</u> <u>Pendens</u> will also be served upon counsel for

any claimant after counsel files his/her appearance.

Signed under the pains and penalties of perjury this 5ᵗʰ

day of ____May____, 2005.

Sandra J. Lemanski, Special Agent
Internal Revenue Service
Criminal Investigation Division

### Commonwealth of Massachusetts

Middlesex, SS.

On this 5ᵗʰ day of ____May____, 2005, before me, the
undersigned notary public, personally appeared Sandra J.
Lemanski, Special Agent, Internal Revenue Service, Criminal
Investigation Division, who proved to me through satisfactory
evidence of identification, which was ___credentials___,
to be the person whose name is signed on the preceding or
attached document, and who swore or affirmed to me that the
contents of the document are truthful and accurate to the best of
her knowledge and belief.

_____
(official signature and seal of notary)

My commission expires


EDWARD MICHAEL WHEELER
Notary Public
Commonwealth of Massachusetts
My Commission Expires
August 11, 2011

Certif
1196 769
1-17-03
Doc   01372897

RECEIVED FOR REGISTRATION

Southern Middlesex LAND COURT
REGISTRY DISTRICT

On: May 05,2005 at 12:14P

Document Fee    75.00    Rec Total $75.00

NOTED ON: CERT U 15356    BK    00077    PG    156

Krishna Barclay AUSA
NAME
1 Courthouse Way Suite 9200
STREET ADDRESS          TEL.
Boston, MA    02210
CITY OR TOWN          ZIP

UNITED STATES DISTRICT COURT
District of Massachusetts

| | |
|---|---|
| _____ ) | |
| UNITED STATES, ) | |
| ) | |
| ) | |
| v. ) | Crim. No. 05-10003-NMG |
| ) | |
| ARTHUR GIANELLI, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## AFFIDAVIT OF JOHN D. McDERMOTT

I, John D. McDermott, on oath depose and state as follows:

1.   My name is John D. McDermott.  I am an attorney at law duly admitted and in good standing in the Commonwealth of Massachusetts.

2.   Since 1988, I have been a Massachusetts Land Court title examiner.

3.   At the request of Attorney Edward A. Gottlieb, I have examined, in accordance with applicable Title Standards, record title to the property known as Unit No. 405-B of the Gables Condominium under Master Deed registered as Document No. 614053 with the Middlesex South District Registry, as Amended, and indicated on Condominium Plan No. 17257C-4 together with all rights appertaining thereto, which Unit has a street address of 405-B Dedham Street, Newton, Massachusetts (the "Property").

4.   I examined record title from April 16, 1959, the date of the original registration of title on Certificate No. 97921, through March 23, 2007.

5.   My review of record title indicates that:

(i)      title to the Property was registered by decree dated  April 16, 1959;

(ii)     by deed dated January 8, 2003 filed as Document No. 1247763  on Certificate No. U15356 with the Middlesex South District Registry, Robert Shapiro, et al. conveyed the property to Yousef Bina, individually;

(iii)    Yousef Bina, by mortgage registered January 8, 2003, Document No. 1247764, granted a mortgage to Washington Mutual Bank;

      (iv)     Yousef Bina, by mortgage registered January 25, 2005, Document No. 1362849, granted a mortgage to Bank of America;

      (v)     on May 5, 2005, a Lis Pendens was registered as Document No. 1372897; and

      (vi)     on Aril 14, 2006, a Restraining Order was registered as Document No. 1407817.

6.    Based on my review of the record title, it is my opinion that none of the following individuals have ever held of record any right, title or interest in Unit No. 405-B, or in any of the land comprising the Gables Condominium, since April 16, 1959: i) Arthur Gianelli; ii) Joseph Yerardi, Jr.; iii) Dennis Albertelli a/k/a "Fish"; iv) Salvatore Ramasci a/k/a "Lefty"; v) Randy Albertelli; vi) Gisele Albertelli; vii) Rafia Feghi a/k/a Rafia Yerardi; viii) Tony Daniels a/k/a "Sonny"; ix) Frank Iacaboni; x) Deeb Homsi; xi) Todd Westerman; xii) Eneyda Gonzalez Rodriguez; and xiii) Weshtod Consultants a/k/a Weshtod Consultores S.A.

Signed under the pains and penalties of perjury this 18th day of April, 2007.

/s/ John D. McDermott

F:\clients\LEGAL\10730000\041707-AFF.McDERMOTT.wpd