UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Crim. No. 05-10003-NMG |
| DENNIS ALBERTELLI | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
MOTION BY CHARLES RANKIN FOR LEAVE TO WITHDRAW AS COUNSEL

The government respectfully submits this memorandum in opposition to the motion filed on January 25, 2008 in which Charles W. Rankin, Esq. seeks leave to withdraw as counsel.

Mr. Rankin has represented defendant Dennis Albertelli in this case since January 7, 2005, when Albertelli had his initial appearance on the original 5-count indictment in this case.

A 395-count superseding indictment was filed on April 7, 2005, which not only added numerous criminal charges but also added new defendants including Albertelli's wife, Gisele Albertelli, and their son Randy Albertelli.

The currently pending (second superseding) indictment was filed on September 13, 2006. It did not add any new charges against Gisele Albertelli or Randy Albertelli. The only new charges that it added against Dennis Albertelli are contained in Counts 273 and Count 275, which charge conspiracy and substantive violations of 18 U.S.C. § 844(h) (using fire and an explosive to commit a federal felony). The arson and the federal felony involved in those counts had been (and continue to be) charged since the original January 5, 2005 indictment in this case.

Therefore, the general parameters of this case have been clear since April 7, 2005.

At their arraignments, Gisele Albertelli and Randy Albertelli were represented by retained counsel (Peter Krupp and Kevin Nixon, respectively). However, on September 21, 2005, Mr. Rankin filed motions on behalf of Gisele Albertelli and Randy Albertelli, asking that counsel be appointed to represent them under the Criminal Justice Act, 18 U.S.C. § 3006A, because they were "unable to hire [Mr. Krupp, Mr. Nixon,] or any other competent attorney to represent [them] in this matter ... stem[ming] in part from the complexity and seriousness of the indictment, as well as [their] financial situation." Gisele Albertelli and Randy Albertelli filed financial affidavits in support of those motions.

Those motions were granted the same day, with CJA counsel being appointed to represent Gisele Albertelli and Randy Albertelli.

The "complexity and seriousness of the indictment" and the financial situation of the Albertelli family were, therefore, well known on September 21, 2005, and there is no justification for the filing of the motion for leave to withdraw now -- more than two (2) years later. Accordingly, and given the entire history and current status of this case, Mr. Rankin's motion for leave to withdraw should be denied without a hearing. *See*, *e.g.*, *United States v. O'Neil*, 118 F.3d 65, 71-72 (2d Cir. 1997).[1]

---

[1] The government takes no position about whether Mr. Rankin should be provided with fees pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A. If the Court believes that it might be appropriate and worthwhile to follow such a course of action, the government would suggest that the Court consider conducting an *ex parte* proceeding or accepting an *ex parte* submission from Mr. Rankin, so that the Court may determine (a) the amount of the fees that Mr. Rankin and his law firm have received to date from or on behalf of Dennis Albertelli; (b) Dennis Albertelli's assets and the additional attorney's fees (if any) that he can afford to pay; and (c) whether the fees that Mr. Rankin and his law firm already have received, plus the additional amounts (if any) that Dennis Albertelli can afford to pay, are sufficient fees to cover all or part of Mr. Rankin's representation of Dennis Albertelli through the conclusion of this case in the District Court.

Based upon the foregoing and all the prior papers and proceedings herein, Mr. Rankin's motion for leave to withdraw as counsel to Dennis Albertelli in this case should be denied.

        Respectfully submitted,

        MICHAEL J. SULLIVAN
        United States Attorney

By:   /s/ Michael L. Tabak
       Michael L. Tabak
       Assistant U.S. Attorney
       Telephone: 617-748-3203

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered parties.

        /s/ Michael L. Tabak
        Michael L. Tabak
        Assistant United States Attorney

Date: January 25, 2008