**United States District Court**
**District of Massachusetts**

| | |
|---|---|
| United States of America,<br><br>v.<br><br>Arthur Gianelli, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Criminal Action No.
05-10003-NMG-2

**MEMORANDUM & ORDER**

**GORTON, J.**

Pending before the Court is the motion of defendant Dennis Albertelli ("Albertelli" or "defendant") for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

In light of the COVID-19 pandemic, Albertelli seeks to have this Court modify the remainder of his sentence of imprisonment to home confinement. He is currently incarcerated at FCI Danbury in Connecticut ("Danbury") having been convicted of and sentenced for participating in an extensive racketeering enterprise involved in illegal gambling, loansharking, money laundering, extortion and arson. His projected date of release is August 16, 2024.

## I.   Background

In September, 2006, a federal grand jury returned a 519-count second superseding indictment, charging defendant and numerous co-defendants with violating the Racketeering

-1-

Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 <u>et</u>
<u>seq.</u>, among other offenses.  The defendants were members of a
criminal organization ("the Gianelli Group") which accrued
revenue through illegal gambling activities, loansharking,
extortion and money laundering and committed crimes of violence
including arson.  The Gianelli Group also associated itself with
certain members of organized crime including members of the New
England Family of La Cosa Nostra and Hells Angels.

With respect to Albertelli, specifically, he managed and
operated several sports betting and illegal gambling businesses
for the Gianelli Group with the help of his son, Randy
Albertelli, and his wife, Gisele Albertelli.  Albertelli also
supervised the collection of unlawful debts and the arson of
"The Big Dog Grille" in North Reading, Massachusetts.

Following a 31-day jury trial in April, 2009, defendant was
found guilty of all but one of the counts against him.  Soon
thereafter, he was sentenced to 216 months of imprisonment and 3
years of supervised release and ordered to pay a Special
Assessment of $29,700 ($100 for each of the 297 counts of
conviction).

In May, 2020, defendant submitted a request to the prison
warden that he be released to home confinement pursuant to 18
U.S.C. § 3582(c)(1)(A) and the CARES Act, 18 U.S.C. § 3624(c).
His request was denied a week later based upon the seriousness

of his offense and his Public Safety Factor classification of
"Greatest Severity".

On February 21, 2021, Albertelli filed the pending motion
for compassionate release pursuant to § 3582(c)(1)(A).  In
support of his motion, Albertelli contends that he is especially
vulnerable to contracting a severe case of COVID-19 due to his
age (68), his blood type (A), his history of Type II diabetes
and morbid obesity and the continued deterioration of his
health.  Defendant also asserts that the balance of the factors
set forth in 18 U.S.C. § 3553(a) weigh in favor of his release.

The government acknowledges the defendant's physical health
condition but, nonetheless, urges this Court to deny the motion
because he has received his COVID-19 vaccination and his release
poses a significant danger to the community.  With respect to
the latter, the government submits that 1) defendant has not
been rehabilitated, 2) is likely to recidivate if released
prematurely and 3) his release plan contemplates home
confinement with his wife who was a co-defendant sentenced to a
term of imprisonment of 21 months for her involvement with the
Gianelli Group.

II.   **Motion for Compassionate Release**

     **A. Legal Standard**

A court may reduce a defendant's term of imprisonment
pursuant to 18 U.S.C. § 3582(c) only if, after considering the

-3-

factors set forth in § 3553(a), the Court finds that there are "extraordinary and compelling reasons" warranting such a reduction. § 3582(c)(1)(A)(i).  Such a modification may be made upon a defendant's motion only after defendant has fully exhausted his administrative remedies. § 3582(c)(1)(A).  Even if all other requirements are satisfied, a court should grant a motion for release only if it determines that the defendant is no longer a danger to the public. Id.; U.S.S.G. § 1B1.13(2).

**B. Application**

Although defendant apparently suffers from several medical conditions which previously would have put him at a higher risk for complications due to COVID-19, he is not entitled to a modification of his sentence pursuant to § 3582(c)(1)(A) because he has now been inoculated against the virus and the danger of his contracting it in prison are substantially reduced.

First, Albertelli has received the COVID-19 vaccination, thereby minimizing significantly his risk of contracting or transferring the virus. See, e.g., United States v. Clark, No. 17-cr-00062, 2021 WL 277815, at * (S.D. W. Va. Jan 27, 2021) (holding that "an inmate cannot demonstrate extraordinary and compelling reasons exist due to COVID-19 when the inmate has been vaccinated against the disease.").  Absent that risk, defendant's medical conditions, although significant, do not currently rise to the level of a "serious deterioration" in

health which was a prerequisite for compassionate release pre-
pandemic. See, e.g., United States v. Estrella, No. 15-cr-00032,
2019 WL 6689897, at *2 (D. Me. Dec. 6, 2019) (finding neither
extraordinary nor compelling an aging defendant who had been
diagnosed with renal cancer and has significantly limited
mobility); United States v. Crawford, No. 07-cr-317, 2019 WL
6615188, at *5 (M.D.N.C. Dec. 5, 2019) (finding neither
extraordinary nor compelling an aging defendant suffering from
Hepatitis C, carpal tunnel syndrome, hypertension, esophageal
reflux, urinary tract infection and osteoarthritis who has
received adequate medical care in prison).  Second, there is no
evidence on the record indicating that Albertelli is not
receiving adequate medical care at FCI Danbury.

In any event, the Court concludes that Albertelli remains a
danger to the community which precludes his release.  He is
currently incarcerated for having supervised an extensive
racketeering enterprise of illegal gambling businesses,
extortion, threats of violence and arson.  While serving his
sentence, moreover, Mr. Albertelli has been sanctioned several
times for possessing contraband, gambling slips and other items
commonly associated with gambling, thereby indicating a lack of
rehabilitation.  Finally, he now requests that this Court
release him to the custodianship of his wife, who was a co-
defendant at his trial.  Considering defendant's criminal

history and the proposed release plan, the Court is concerned about the likelihood of recidivism and danger to the community if he is released.

Although the Court remains cognizant of the seriousness of the continuing pandemic and defendant's physical condition, the totality of the circumstances, including the severity of Albertelli's offense, the need for just punishment and respect for the law and the need to protect the public, weighs heavily against defendant's release. See § 3553(a).  Accordingly, this Court will deny defendant's motion for compassionate without prejudice but will continue to monitor the situation.

**ORDER**

For the foregoing reasons, defendant's motion for compassionate release (Docket No. 1067) is **DENIED without prejudice.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 14, 2021